**The People of the State of Illinois, Plaintiff-Appellee, v. Percy Womack (Impleaded), Defendant-Appellant.**

**Gen. No. 50,518.**

First District, Fourth Division.

July 22, 1966.

Gerald W. Getty, Public Defender of Cook County, of Chicago (Marshall Patner, Frederick F. Cohn and James J. Doherty, Assistant Public Defenders, of counsel), for appellant.

Daniel P. Ward, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and E. Roger Horsky, Assistant State's Attorneys, of counsel), for appellee.

MR. PRESIDING JUSTICE DRUCKER delivered the opinion of the court.

The defendant, Percy Womack, was found guilty of attempted theft after a bench trial and was sentenced to the penitentiary for a term of not less than two nor more than five years. In this appeal defendant contends that he was not proved guilty beyond a reasonable doubt.

On November 14, 1964, at approximately 4:00 a. m., a group of people including the defendant and one Mrs. Geraldine Carter boarded a westbound Madison Street bus. Two Chicago Transit Authority police officers (Peter Genutis and Edgar Gillespie) were riding the bus, seated across the aisle from each other near the rear exit door. Genutis testified that upon boarding the bus the defendant nodded in his direction and remarked to Mrs. Carter: "There is one"; that the pair sat down together two seats in front of him; that they looked around the bus, after which Mrs. Carter got up, sat beside him and attempted to pick his pocket as the defendant watched from his seat; that he seized Carter and announced that she was under arrest, whereupon she nodded to the defendant who then slumped down into his seat; and that the defendant was then apprehended by Gillespie. On cross-examination the witness stated that he was sitting on the bus with his eyes open and did not feign that he was asleep. Genutis further testified that the defendant admitted being a friend of Carter but later testified that the defendant admitted only that he knew Carter. He also stated that he had refreshed his memory before the trial with a report he made at the time of the occurrence; that he testified before the Grand Jury and in addition made a statement to the secretary of the Grand Jury which contained the same information found in the aforesaid report; that he related to the secretary all of the information within his knowledge on the case; and that he

told the secretary that the defendant admitted being a friend of Mrs. Carter. However, there is a stipulation in the record that the synopsis of Genutis' statement contains "nothing . . . whatsoever to indicate in any way, shape or form that Percy Womack said that he was a friend of Geraldine Carter."

Edgar Gillespie testified and substantially corroborated the testimony of Genutis with regard to the events on the bus. However, even though he was sitting directly across from Genutis he did not hear any conversation between the defendant and Carter. The witness also stated that upon his apprehension the defendant denied any complicity in the crime, and that he could not remember whether the defendant ever admitted knowing Carter.

Percy Womack testified in his own behalf and denied his guilt. Womack admitted boarding the bus but stated that he was on his way home and was alone; that he seated himself in the first forward-facing seat behind the driver and promptly fell asleep; and that he did not know Geraldine Carter.

Geraldine Carter, who had confessed to the crime at an earlier trial and was awaiting sentencing, also testified on behalf of the defendant. She denied knowing the defendant and stated that she sat in the second seat behind the driver and the defendant sat in front of her.

Under the Criminal Code of 1961 (Ill Rev Stats, 1963, c 38, § 5–2(c) a person is legally accountable for the conduct of another when:

> Either before or during the commission of an offense, and with the intent to promote or facilitate such commission, he solicits, aids, abets, agrees or attempts to aid, such other person in the planning or commission of the offense . . . .

The fact that the defendant did not physically aid Geraldine Carter in the attempted theft is undisputed. While

319

the circumstantial evidence of defendant's complicity is fairly strong in this case, and may even be said to establish the probability of his guilt, it is not such as to prove him guilty of the crime charged beyond a reasonable doubt.

Therefore the judgment of the trial court is reversed.

Reversed.

ENGLISH and McCORMICK, JJ., concur.